STATE of Missouri, Respondent,

v.

John UELENTRUP, Appellant.

No. 65623.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 10, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 20, 1995.

Steven Richard Sallerson, John Brooks Gourley, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

WHITE, Judge.

Defendant, John Uelentrup, appeals from the judgment entered after a jury convicted him of two counts of sodomy and two counts of sexual abuse. Defendant was sentenced to concurrent terms of imprisonment of twelve years for each count of sodomy. De-

fendant was also sentenced to concurrent terms of imprisonment of three years for each count of sexual abuse to be served consecutively to the sentences imposed on the sodomy convictions. We affirm.

Defendant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the verdicts, the evidence established defendant lived with a woman and her three daughters, H.M., A.M., and C.M., from approximately October 1991 to April 1992. There was sufficient evidence defendant sexually abused H.M. and A.M. on several occasions. H.M. and A.M. were five and three years of age at the time of the offenses. On April 7, 1992, the children were removed from the mother's custody for reasons unre-

lated to the sexual abuse and placed in foster care. While in foster care it was discovered the girls had been sexually abused.

In the fall of 1992, the grand jury heard evidence against defendant, including testimony by H.M. Defendant was subsequently indicted for the offenses of which he was ultimately convicted. Following the indictment, defendant served subpoenas upon H.M. and A.M. to appear for deposition. The court, upon oral motion by the State, quashed the subpoenas. The State then moved to obtain in-camera videotaped testimony of H.M. and A.M. as provided in § 491.680 RSMo 1994[1] and to exclude defendant from the proceedings pursuant to § 491.685 RSMo 1994.[2] The court sustained

---

1. Section 491.680 provides:

Court may order video recording of alleged child victim, when—procedure—transcript—exclusion of defendant from proceedings—opportunity to review—cross-examination.—

1. In any criminal prosecution under the provisions of chapter 565, 566 or 568 RSMo, involving an alleged child victim, upon the motion of the prosecuting attorney, the court may order that an in-camera videotaped deposition of the testimony of the alleged child victim be made for use as substantive evidence at preliminary hearings and at trial.

2. If the court finds, at a hearing, that significant emotional or psychological trauma to the child which would result from testifying in the personal presence of the defendant exists, which makes the child unavailable as a witness at the time of the preliminary hearing or trial, the court shall order that an in-camera videotaped deposition of the testimony of the alleged child victim be made for use as substantive evidence at the preliminary hearings and at trial. Such recording shall be retained by the prosecuting attorney and shall be admissible in lieu of the child's personal appearance and testimony at preliminary hearings and at trial, conflicting provisions of section 544.270, RSMo, notwithstanding. A transcript of such testimony shall be made as soon as possible after the completion of such deposition and shall be provided to the defendant together with all other discoverable materials.

3. Upon a finding of trauma as provided for in subsection 2 of this statute, the court may also exclude the defendant from the videotape deposition proceedings in which the child is to testify. Where any such order of exclusion is entered, the child shall not be excused as a witness until the defendant has had a reasonable opportunity to review the videotape deposition in private with his counsel and to consult with his counsel; and until his counsel has been afforded the opportunity to cross-examine the child following such review and consultation.

4. The court shall preside over the depositions, which shall be conducted in accordance with the rules of evidence applicable to criminal cases.

5. The attorney for the defendant shall have at least two opportunities to cross-examine the deposed alleged child victim: once prior to the preliminary hearing and at least one additional time prior to the trial.

6. Prior to the taking of the deposition which is to be used as substantive evidence at the trial pursuant to sections 491.675 to 491.693, the defendant's attorney shall be provided with such discoverable materials and information as the court may, on motion, direct; shall be afforded a reasonable time to examine such materials; and shall be permitted to cross-examine the child during the deposition.

7. If the defendant is not represented by counsel and if, upon inquiry, it appears to the court that the defendant will be unable to obtain counsel within a reasonable period of time, the court shall appoint the public defender or other counsel to represent the defendant at the deposition.

2. Section 491.685 provides:

Defendant may be excluded from child victim deposition proceedings, when.—

1. On motion of the prosecuting attorney, the court may exclude the defendant from any or all deposition proceedings at which the child is to testify. However, where any such order of exclusion is entered, the child shall not be excused as a witness until the defendant has had a reasonable opportunity to review the videotape recording in private with his counsel and to consult with his counsel; and until his counsel has been afforded the opportunity to cross-examine the child following such review and consultation.

2. The court may also order, on motion of the prosecuting attorney, during all predeposition procedures, recesses, and post-deposition mat-

the State's motion following a hearing in which it found the girls would suffer significant emotional or psychological trauma if made to testify in open court or in the personal presence of defendant. Defendant, in response to the court's decision, moved to take discovery depositions of the girls prior to the videotaped testimony. The court denied defendant's motion.

The videotaped depositions were conducted on July 30, 1993, with the trial judge, prosecuting attorney, and attorneys for both defendant and the girls' mother present.[3] H.M. was deposed first. Following direct examination by the State, a recess was taken to allow defendant to consult with his attorney.[4] At the conclusion of the recess, defendant's attorney returned and conducted cross-examination of H.M. An identical process was followed during A.M.'s testimony. H.M. and A.M. did not testify at trial. Instead, the videotaped depositions were introduced into evidence at trial.

In his first point on appeal, defendant argues the trial court erred in denying his request for discovery depositions of the victims **prior** to taking their videotaped depositions pursuant to § 491.680, because such denial was contrary to § 491.680.5. We disagree.

■ Initially, we note no general right to discovery exists for criminal cases in Missouri. *State v. Sinner*, 772 S.W.2d 719, 721 (Mo.App.E.D.1989). "Absent some statutory provision or rule of court, discovery is not permitted." *Id.* Section 491.680.2 permits the court to order a single in-camera videotaped deposition of the alleged child victim to be taken and used at both the preliminary

hearing and at trial upon a finding the child would suffer significant emotional or psychological trauma if made to testify in the personal presence of the defendant. *State v. Naucke*, 829 S.W.2d 445, 448 (Mo. banc 1992). The issue presented here is whether defendant was entitled to take discovery depositions of the victims **prior** to the taking of the in-camera videotaped depositions which were used as substantive evidence.

■ Defendant argues under subsection 5 of § 491.680, he had the statutory right to depose the girls prior to the videotaped deposition. However, § 491.680.5 states: "[t]he attorney for the defendant shall have at least two opportunities to cross-examine the **deposed** alleged child victim: once prior to the preliminary hearing and at least one additional time prior to trial."[5] (emphasis added). The language here reflects the legislature intended only to give a defendant an opportunity to cross-examine the child **after** the videotaped deposition. This is evidenced by both the use of the past tense verb "deposed" and the fact the videotaped recording can be used at the preliminary hearing.[6] We give effect to the legislature's intent by looking to the clear language of the statute. *State v. Sweeney*, 701 S.W.2d 420, 423 (Mo. banc 1985). Defendant made no request to depose H.M. and A.M. following their videotaped depositions although the record indicates the girls were available.

■ Additionally, defendant could have found relief under § 491.687 RSMo 1994. This section provides the court may order at any time prior to trial and for good cause

---

ters that the child be sequestered from the view and presence of the defendant.

3. In no event shall the child's videotaped testimony be admitted into evidence until the defendant and his attorney have been afforded a reasonable opportunity to review the videotape in private in the presence of each other.

**3.** The girls' mother was also tried as a co-defendant on the same charges.

**4.** Section 491.685.3 provides the child's videotaped testimony cannot be admitted into evidence until the defendant and his attorney have been afforded a reasonable opportunity to review the videotape in private in the presence of each

other. Defendant does not contend on appeal this provision of the statute was violated.

**5.** No preliminary hearing was held in the case at bar.

**6.** Rule 25.01 provides Rules 25.01 through 25.16 "apply to all criminal cases and **discovery may commence upon the filing of the indictment or information.**" (emphasis added). Therefore, a criminal defendant is not entitled to discovery at the preliminary hearing stage of the proceedings. *State v. Howell*, 524 S.W.2d 11, 20 (Mo. banc 1975) (discussing the predecessor to Rule 25.01, Rule 25.30).

shown a videotaped reexamination. Defendant did not seek relief under § 491.687.

Defendant also contends Rule 29.12 granted him the right to take discovery depositions of H.M. and A.M. prior to the taking of the videotaped depositions. However, the purpose of § 491.680 is to minimize the emotional and psychological trauma to the alleged child victim. To this end, the statute permits the court to order a single videotape recording of the child's testimony. The statute has no provisions which mandate a defendant be allowed to take discovery depositions of the child prior to the videotape deposition. To allow the defendant under Rule 29.12 to engage in discovery depositions prior to the videotape deposition would defeat the purpose of the statute. If the legislature had intended for defendant to have the right to take discovery depositions prior to the taking of the videotaped deposition, it could have incorporated such a provision in § 491.680. The fact such a provision was not incorporated into the statute indicates the legislature did not intend such a result. *State v. Gray,* 887 S.W.2d 369, 376 (Mo. banc 1994). Although Rule 29.12 grants criminal defendants the general right to discovery, § 491.680 more specifically addresses the case presented here where a defendant is prosecuted under the provisions of chapter 565, 566, or 568. In addition, § 491.680 was enacted after the Missouri Supreme Court adopted Rule 25.12. Point denied.

In his second point on appeal, defendant contends the trial court erred and abused its discretion in admitting H.M. and A.M.'s videotaped deposition testimony because the girls were not properly administered the oath. No special litany is required in administering the oath. *State v. Bowlin,* 850 S.W.2d 116, 117 (Mo.App.S.D.1993). For an infant to be competent to testify, it is not necessary for her to know the meaning of an oath as long as she understands the importance of telling the truth. *Id.* H.M. was six years old on the date of the videotaped deposition. H.M. testified correctly as to her name, age, birthday, grade in school, name of school, and name of her teacher. H.M. stated and demonstrated she knew what a lie was and it was "bad" to tell a lie. A.M., who was a few days short of her fifth birthday on the date of the videotaped deposition, offered similar testimony. The competency of a child to testify rests within the sound discretion of the trial court and an appellate court will not disturb the trial court's ruling thereon absent a demonstration of a clear abuse of discretion. *State v. Smith,* 679 S.W.2d 899, 901 (Mo.App.S.D.1984). Defendant has not demonstrated a clear abuse of the trial court's discretion in declaring the girls competent to testify and we find none. Consequently, defendant's second point is denied.

Defendant's arguments in his third, fourth, and fifth points are without merit. The judgment entered on defendant's convictions is affirmed.

SMITH, P.J., and PUDLOWSKI, J., concur.