**STATE of Missouri, Respondent,**

v.

**Wilma WALLACE, Appellant.**

**No. ED 77261.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 20, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 5, 2001.

Application to Transfer Denied
May 29, 2001.

Kent Denzel, Asst. Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stacy L. Anderson, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Wilma Wallace ("appellant"), appeals from the judgment of the Circuit Court of St. Louis County after a jury convicted her of property damage in the first degree, section 569.100, RSMo 1994,[1] and leaving the scene of an accident, section 577.060. Appellant was sentenced as a persistent offender, section 558.016. She was sentenced respectively, to serve a seven-year term and eight-year term to run consecutively.

The evidence in the light most favorable to the verdict is as follows. On August 30, 1998, a St. Louis County Police dispatcher issued a radio call to the Bellefontaine Neighbors Police Department reporting a woman was walking down an on-ramp to I–270. A Riverview officer ("the officer") was on patrol in the area and responded to the call. The officer saw a truck stopped in the middle of the on-ramp with its interior lights on. Inside the truck, a woman, later identified as appellant, was struggling with a man, Dwayne Owens ("Owens"). Owens was partially hanging outside of the driver's side of the truck with one foot on the brake. Appellant had her feet on the gas and was revving the engine. The officer parked behind the vehicle with his lights activated and approached the truck. Owens was yelling, "you gotta help me, she's trying to kill me."

The officer announced his intent to reach inside the truck and turn the engine off. As he reached inside, he was struck on the back of the head. Believing the appellant struck him, the officer sprayed appellant in the face with pepper spray. The officer testified at trial the normal reaction to pepper spray included eye irritation, nasal discharge, and coughing. The appellant had no reaction to the pepper spray other than blinking.

A Bellefontaine officer arrived at the scene and parked behind the Riverview officer's car and activated his spotlight. Before the Bellefontaine officer could exit his car, Owens exclaimed his foot was coming off the brake. The Riverview officer ran back to his police car and jumped in the window. The truck was moving in reverse toward the officers and their cars at a high rate of speed, up the on-ramp. The truck, containing appellant, struck both of the patrol cars. Owens was still hanging on the open driver's side door of the truck; but fell off after the truck hit the vehicles. Appellant then put the truck in drive and headed down the on-ramp onto I–270. In the process, appellant ran over Owens. Appellant took the Bellefontaine Road exit off the highway and continued north. Appellant traveled approximately two miles on Bellefontaine Road after which she was forced to stop because of a flat tire. After a struggle, the officers placed appellant under arrest. The damage to the Bellefontaine Neighbor's police car was $ 1,137.[2]

---

1. All statutory references are to RSMo 1994.

2. The dollar amount of damage to the Riverview police car was not elicited at trial. The

Originally, the State had filed charges against the appellant for the assault of Owens. Owens was listed as a potential witness for the State along with his last known address. Various methods of discovery took place prior to trial. During this time, the State had had no contact with Owens. The appellant had attempted to serve Owens, but was unable to contact him. The appellant's attorney called the prosecutor on the case frequently requesting the medical records of Owens. The prosecutor informed appellant's attorney she was unaware of Owens' location. The prosecutor testified at the motion hearing for a new trial that at no time did the appellant's attorney request the address or the whereabouts of Owens; the attorney's only focus was on getting the medical records. The prosecutor told the attorney she would subpoena the hospital records, and as soon as she received the records, she would turn them over to the attorney. The hospital records were subpoenaed, but the hospital refused to disclose the records without a court order. The trial court later ordered the hospital records to be disclosed. The hospital records were found irrelevant.

In August of 1999, through their investigator, the State discovered Owens was incarcerated at the Northeast Missouri Corrections Center in Bowling Green. Owens' caseworker informed the State he was unwilling to cooperate with them in this case. In light of this new information, coupled with the fact Owens was or had been appellant's boyfriend, the State decided at this time they would not call Owens as a witness. On the first day of trial, November 1, 1999, the State nolle prosequied the counts of the indictment in which Owens was identified as a victim. The next day, an information in lieu of the indictment was filed reflecting the dismissal of those charges and to remove Owens from the list of endorsed witnesses.

Appellant filed a motion to preclude Owens' testimony and a motion to strike Owens as a witness because the State failed to provide her with his current address. The motion was taken up by the court before the trial. At the hearing, the appellant's attorney requested that Owens be struck as a witness, because they never had a good address on him. Appellant's attorney informed the trial court he would object to any live testimony by Owens. The State then informed the court they no longer intended to call Owens; he was no longer an endorsed witness, and therefore as they saw it, the issue was moot. The trial court asked the State if they were confessing the motion. The State responded, "yes." And there was no further discussion in regard to Owens.

On the second day of trial during an in-chambers hearing, appellant's attorney asked the prosecutor whether she knew where Owens was. The prosecutor responded that Owens was incarcerated at Bowling Green. After some discussion with the court, the appellant's attorney requested a mistrial, arguing that by not disclosing the current address of Owens, the prosecutor withheld potentially exculpatory evidence. The motion was denied. At no other time, did the appellant request any other sanction.

The jury found appellant guilty of property damage in the first degree, section 569.100, and leaving the scene of an accident, section 577.060. Finding the appellant to be a persistent offender, section 558.016, the court sentenced her, respectively, to a serve a seven-year term and eight-year term to run consecutively.

State exhibited photos of the damaged vehicle.

Appellant moved for a new trial. In support of her motion for new trial, appellant presented an affidavit from Owens that indicated he would have testified favorably for the defense had he been called.[3] The court denied the motion for new trial. Appellant appeals.[4]

■ On her first point on appeal, appellant alleges the trial court abused its discretion in denying her request for a mistrial and later, her motion for new trial, because the State failed to disclose the address of Owens, an endorsed witness, in violation of Rule 25.03(A). Appellant also alleges a mistrial was warranted because the State withheld material exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ In Missouri, absent a statutory provision or rule of the court, there is no general right to discovery in criminal cases. *State v. Uelentrup*, 910 S.W.2d 718, 721 (Mo.App. E.D.1995). Rule 25.03 requires the State to disclose to the defendant without a court order, the names and last known addresses of persons whom the State intends to call as witnesses. In addition, Rule 25.03 and constitutional jurisprudence, requires the State to disclose to the defendant any exculpatory evidence which may negate the guilt of the defendant. *Id. See, also, Brady v. Maryland, supra.* "The basic object of the discovery process is to permit the defendant a decent opportunity to prepare in advance of trial and to avoid surprise." *State v. Kilgore*, 771 S.W.2d 57, 66 (Mo.banc 1989). The rules of criminal discovery are not "mere etiquette" nor is compliance discretionary. *State v. Scott*, 647 S.W.2d 601, 606 (Mo.App. W.D.1983). The duty to dis-

close is a continuing one, and not left to the discretion of the parties. *See, State v. Petty*, 967 S.W.2d 127, 137 (Mo.App. E.D. 1998).

In this case, Owens was still an endorsed witness at the time the State learned of his new address. Regardless of the fact the State no longer intended on calling him as a witness, he was technically still endorsed as a witness and the State was under a continuing duty to disclose information pertaining to him. A stated purpose for the rules of discovery is to allow the parties to prepare for trial. Had the appellant had this information earlier, it may not have been necessary to obtain a court order to get Owens' medical records. For the aforementioned reasons, we believe the State committed a discovery violation. Our next inquiry is whether in spite of this discovery violation the trial court abused its discretion in not granting the requested sanction of mistrial.

■ Whether a sanction, including mistrial, should be imposed for noncompliance with a discovery rule and/ or disclosure of exculpatory evidence as required by *Brady v. Maryland, supra,* is a matter that lies within the sound discretion of the trial court and review is for an abuse of that discretion. *State v. Albanese*, 9 S.W.3d 39, 51 (Mo.App. W.D.1999). When a party has failed to comply with an applicable discovery rule, the court may order disclosure of the information, grant a continuance, exclude such evidence, or enter such other orders it deems just under the circumstances. Rule 25.16. "A mistrial is not required just because a Rule 25.03 violation by the prosecutor has occurred." *State v. Scott*, 943 S.W.2d 730, 736 (Mo.

---

**3.** Appellant has failed to provide this court with the affidavit on appeal. In addition, nowhere in the record on appeal is there evidence of the contents of this affidavit.

**4.** Additional facts pertinent to address the issues may be added as necessary.

App. W.D.1997). A mistrial is a drastic remedy the trial court should reserve for situations when all other remedies are inadequate. *State v. Smothers*, 605 S.W.2d 128, 132 (Mo.banc 1980). Whether there has been an abuse of discretion depends on whether there is a reasonable likelihood the discovery violation affected the result of the trial. *State v. Mease*, 842 S.W.2d 98, 108 (Mo.banc 1992).

Since appellant has failed to include the affidavit from Owens in her record on appeal, it is impossible for this court to determine whether the discovery violation affected the result of the trial, and whether there was an abuse of discretion. Point denied. *See*, Rule 30.04(a) ("record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...."); *State v. Vineyard*, 839 S.W.2d 686, 691 (Mo.App. E.D.1992) ("Appellant has the burden of producing all records on appeal necessary for the determination of the questions presented.").

Even if the appellant had included the affidavit of Owens, and he in fact said the things appellant alleges, we are not persuaded the outcome of the trial would have been affected. The parties have included the following facts in their briefs allegedly contained in the affidavit. Owens was appellant's boyfriend and the father of her unborn child. Owens had called appellant to come pick him up from a party. They began fighting and appellant tried to push Owens out of the truck. Only one police car stopped, and it pulled up in front of the truck without activating the emergency lights. The officer walked up and maced appellant while she was in the passenger side of the car. Appellant began screaming and gagging. Owens tried to jump out of the truck in response to the officer's actions, but was caught up in the seat belt. When Owens jumped out of the truck, he took his foot off the brake, and it went into reverse. Owens was not run over but was treated in the hospital for other injuries. The truck then moved slowly down the highway, not striking the police car that was parked in front of it.

When appellant's counsel was questioned by the trial court how this information would have affected his trial strategy and would he have endorsed Owens as a witness, he responded:

> Yes I would have ... I would have been able to get into the hospital records indicating that Owens had heroin and cocaine in his body. Also, I would have been able to get into his prior record which he I believe had 7 prior felonies which I was not allowed to get into at trial and that the evidence that is contained in that statement is completely different than the evidence that was provided at trial.

From trial counsel's statement, all we can surmise is he would have called Owens as a witness only to attack his credibility and impeach his testimony. This is not a legitimate trial strategy. *See, State v. Spinks*, 629 S.W.2d 499, 502 (Mo.App. E.D. 1981) (With limited exceptions, a party may not impeach his own witness.).

■ Appellant also alleges the trial court abused its discretion in refusing to allow her to argue an adverse inference from the State's failure to call Owens.

■ A trial court has considerable discretion in limiting closing arguments and its rulings are reversible only for an abuse of discretion. *State v. Kinder*, 942 S.W.2d 313, 329 (Mo.banc 1996). "When a witness' testimony is excluded on an attorney's motion, it is misconduct constituting manifest injustice and thus reversible error if that attorney requests the jury to draw an adverse inference from his opponent's failure to produce that witness."

*Calvin v. Jewish Hosp. of St. Louis,* 746 S.W.2d 602, 605 (Mo.App. E.D.1988).

Appellant initially motioned the court to exclude the testimony of Owens, complaining the State failed to apprise her of Owens' last known address. The state "confessed the motion." Although the trial court never actually granted appellant's motion, we cannot find it was an abuse of discretion to not allow appellant to argue an adverse inference from the State's failure to call Owens when appellant was technically successful in her attempt to exclude his testimony.

 Further, as a general rule, a party may not argue adverse inference from the failure to call a witness who is equally available to both parties, or unavailable to both parties. *State v. Anderson,* 867 S.W.2d 571, 576 (Mo.App. W.D.1993). When determining whether a witness is equally available, a court must consider the following: "(1) one party's superior ability to know or identify the witness; (2) the nature of the testimony expected to be given by the witness; and (3) a relationship between a party and the witness which indicates a likelihood that the witnesses would testify more favorably for one party than the other." *Id.*

At the time the trial court overruled appellant's request to argue adverse inference in closing arguments, it was evident Owens was unwilling to cooperate with the State, and he was or had been appellant's boyfriend. There was no indication Owens would have testified more favorably for the State.

Appellant's original complaint with Owens testifying was based on her frustration in trying to subpoena his medical records. It was not until the second day of trial that

appellant argued Owens might have some exculpatory evidence. Even then, appellant never requested a continuance to depose Owens. Appellant's arguments that Owens was "peculiarly available" to the State or that she may have been prejudiced by any discovery violation are suspect considering she had full and ample opportunity to use the proper procedural measures. *See, State v. Huchting,* 927 S.W.2d 411, 420 (Mo.App. E.D.1996). Therefore, we cannot find the trial court abused its discretion in refusing to allow her to argue an adverse inference from the State's failure to call Owens.

Based on the foregoing, we affirm the judgment of the trial court.[5]

LAWRENCE G. CRAHAN, J., and GEORGE W. DRAPER, J., concur.

---

**5.** We find the remaining points raised by appellant meritless and affirm pursuant to Rule 30.25(b).