**STATE of Missouri, Plaintiff–Respondent,**

v.

**Jewell BEWLEY, Defendant–Appellant.**

**No. 25362.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 23, 2003.

Andrew A. Schroeder, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Anne E. Edgington, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Jewell Bewley ("Defendant") was convicted by a jury of two counts of child endangerment in the first degree, a violation of Section 568.045,[1] one count of child molestation in the first degree, a violation of Section 566.067, and one count of statutory sodomy in the first degree, a violation of Section 566.062. The trial court entered judgment in accordance with the jury's verdict and sentenced Defendant to forty years imprisonment.

Defendant raises two points on appeal. First, she contends that the trial court erred by not allowing her to recross-examine the minor victims or, in the alternative, to redact their videotaped testimony. Second, she claims that the trial court erred by not granting a mistrial when a State witness testified about uncharged misconduct by Defendant. We affirm the judgment.

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

Defendant does not contest the sufficiency of the evidence to support the verdict. Viewed in the light most favorable to the verdict, the evidence revealed the following: E.T.[2] and A.T. were raised in East Prairie, Missouri by J.T., their natural mother ("Mother"). Mother, E.T., and A.T. are mentally handicapped to varying degrees and required special attention in their education and living arrangements. Mother and the children lived in the East Prairie home of Mother's natural mother, V.T. ("Grandmother"), where lice and roaches were rampant, and the children were often not fed regularly or bathed.

Defendant and her husband, Tom, offered to help Mother raise her children. Defendant and Tom were "respite providers" with the Missouri Department of Mental Health, and appeared to take a special interest in Mother's mentally handicapped children. They often cared for the children, and developed a relationship with them from a very young age. The children expressed a desire to, and did spend significant time at Defendant's home where they were fed and given clean clothing to wear to school.

In the autumn of 1998, A.T. began to have severe disciplinary problems. Mother, feeling that A.T. had become uncontrollable, allowed him to be sent to a psychiatric hospital in Springfield, Missouri. A.T. was later moved from the hospital to a home for troubled boys in Bolivar, Missouri. Mother then moved to Springfield in order to be close to A.T. E.T. stayed behind in East Prairie, alternately staying with Grandmother and Defendant. Grandmother died during the summer of 1999, while Mother was living in Springfield. Mother then moved back to East Prairie to settle Grandmother's estate and care for E.T., while A.T. remained in Bolivar.

In the autumn of 1999, shortly after Grandmother's funeral, E.T. admitted to Mother that Defendant had been sexually abusing her. Mother called a local hospital and scheduled an appointment to have E.T. examined for signs of sexual abuse. The hospital contacted the Missouri Division of Family Services ("DFS") and reported the allegations. Upon examination, E.T. was found to have trichomonas, a sexually transmitted disease. After E.T.'s allegations of sexual abuse were substantiated, DFS interviewed A.T. in Bolivar. Defendant's husband had warned both children that he would kill them if they ever reported the abuse. However, when A.T. was satisfied that his safety was assured, and when he learned that his older sibling E.T. had talked to DFS workers about Defendant, he confided to a DFS worker that Defendant had sexually abused him as well.

In January 2000, both children participated in videotaped interviews at the Child Advocacy Center in Springfield, in which they implicated Defendant in their sexual abuse. In January 2001, A.T. and E.T. provided videotaped testimony pursuant to Section 491.680, in which they detailed their abuse by Defendant. At that time, the children were also cross-examined by Defendant's counsel, who was then pursuing a defense based on battered spouse syndrome or duress. Defendant later hired new counsel, and at trial offered a defense based on the contention that no sexual misconduct had occurred.

■ In her first point relied on, Defendant alleges that the trial court erred by denying her motions to perform a second cross-examination of the children, or, in the alternative, to redact the existing videotaped cross-examination after Defendant changed her defense theory from one

**2.** We use the initials of all the victims and their family to protect their identity.

of duress to that of falsity of the factual allegations in the charge.

A child victim may have his or her testimony videotaped for use at a preliminary hearing and trial as substantive evidence. Section 491.680. Defendant's counsel is allowed two opportunities to cross-examine the child—once before the preliminary hearing and once before the trial. *Id.* In the present case, Defendant waived her preliminary hearing, but did cross-examine both children before the trial. The cross-examination of A.T. was indicative of her contention that she sexually abused the children out of fear of her husband. By raising the issue of duress during the children's cross-examination, and then denying at trial that she committed any sexual abuse, Defendant presented conflicting theories.

A defendant may seek relief from Section 491.680 by relying upon Section 491.687, which allows any party to reopen the videotaped testimony prior to trial if "good cause" is shown. *State v. Uelentrup,* 910 S.W.2d 718, 721–722 (Mo.App. E.D.1995). Defendant asked the trial court to reopen the testimony, pursuant to Section 491.687. As proof of "good cause," Defendant submitted that her present legal theory of falsity of the factual allegations conflicted with her previous theory of duress, and that she would, therefore, be unfairly prejudiced by the existing cross-examination.

■ The standard of review pertaining to Section 491.687 has not been previously established. The statute states:

"At any time prior to trial, and for good cause shown, the court may, upon motion of any party, order a videotaped reexamination of the child where the interests of justice so require."

In construing a statute, a court is to determine the intent of the legislature from the language used, giving the words their plain and ordinary meaning. *Landman v. Ice Cream Specialties, Inc.,* 107 S.W.3d 240, 251 (Mo. banc 2003). Mindful of this standard, we note that Section 491.687 states that upon finding "good cause" a trial court "may" reopen the testimony, as opposed to instructing the court that it "shall" reopen the testimony. This statutory grant of discretion to the trial court leads us to hold that a court's decision whether to allow a reexamination of a child pursuant to Section 491.687 is to be reviewed for an abuse of that discretion. An abuse of a trial court's discretion occurs if "a ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicates a lack of careful consideration." *State v. Weekley,* 92 S.W.3d 327, 333 (Mo.App. S.D.2002).

The trial court never expressly ruled whether "good cause" existed to reopen the testimony, but exercised its discretion by summarily denying the motions. We note that the first motion to reopen the testimony was made almost one year after the children had been deposed and cross-examined, and that the fundamental purpose of Section 491.680 is to minimize the victim's trauma associated with a trial. *Uelentrup* at 722. The trial court was in the best position to determine whether reexamination would have further traumatized the children, or if the "interests of justice" outweighed these concerns. We find no apparent abuse of discretion in its determination of that issue.

■ The trial court also refused to redact the children's cross-examination. This motion was first presented as an alternative solution on the first day of trial. Defendant claimed that she was being "married" to a defense that was two years old, and wished to remove portions of the cross-examination testimony. The State

argued that a redaction of the cross-examination would make the redirect examination confusing, and that Defendant had no unqualified right to have evidence excluded from the jury.

■ The trial court has broad discretion in determining the relevancy of evidence, and its rulings on such issues are reviewed for an abuse of its discretion. *State v. Brown*, 103 S.W.3d 923, 926 (Mo.App. W.D.2003). Missouri courts have held that pre-recorded cross-examination testimony must be relayed to the court in its entirety to avoid confusion. *State v. Driscoll*, 55 S.W.3d 350, 355 (Mo. banc 2001). The trial court had no duty to redact the children's testimony in order to facilitate Defendant's defense and its refusal to redact the videotape, therefore, was not an abuse of discretion under the circumstances here.

■ Defendant further contends that the trial court's failure to reopen or redact the children's testimony denied her constitutional rights to confrontation, due process of law, and a fair trial. She claims these constitutional rights were violated because the trial court precluded her legal options by "forcing" her to assume the duress defense. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We disagree.

The trial court did not preclude Defendant's legal options; it was her decision to proceed with a trial strategy that conflicted with her pre-trial strategy. To allow a defendant to reexamine a child victim every time the defendant changes his or her legal theory or counsel could result in endless delaying tactics by a defendant. Additionally, child victims could experience prolonged trauma and could be forced to continually revisit the experience, violating the spirit of Section 491.680. *Uelentrup* at 722. Defendant had previously cross-examined the children, and the trial court did not violate any of the constitutional rights claimed by Defendant in this regard. Defendant's first point is denied.

■ In her second point, Defendant alleges that the trial court erred in denying her motion for a mistrial when a witness for the State referred to previous uncharged misconduct by Defendant. Specifically, the witness recited a conversation she had with E.T. wherein E.T. indicated Defendant had sexually abused another minor.

■ A mistrial is a drastic remedy reserved for the most extraordinary circumstances. *State v. Gilbert*, 103 S.W.3d 743, 751 (Mo. banc 2003). A motion for mistrial should only be granted when prejudice cannot be removed by any other means. *State v. Haley*, 73 S.W.3d 746, 750 (Mo.App. W.D.2002). Our review, when determining if a trial court inappropriately denied a motion for a mistrial, is for an abuse of discretion. *State v. Mahoney*, 70 S.W.3d 601, 606 (Mo.App. S.D.2002).

The State filed a pre-trial motion in limine seeking an order precluding references to any uncharged sexual abuse of the other minor.[3] Defendant joined in this motion, which was sustained by the trial court. The State called Judith Douglas, a DFS worker from East Prairie, to testify about her prior contact with the children and about her interview with E.T. regarding the sexual abuse. On direct examination, the following exchange occurred·

3. The State apparently requested the ruling so that Defendant would not question why the State failed to call the other minor to corroborate E.T.'s allegations. The other minor had previously testified for the State against Defendant's husband, and did corroborate E.T.'s allegations. However, the other minor was not endorsed by the State to testify against Defendant because her allegations only involved Defendant's husband.

Q: Okay. When [E.T.] said this, what did you ask her?

A: I asked [E.T.], "Was anyone else there and saw this happening?"

Q: Okay. What did [E.T.] respond to that?

A: "Tom"—well, her response—"Was anyone else there when—there and saw this?" [E.T.'s] answer was, "Tom and [Defendant] are doing it to [the other minor], and her mom and dad don't know."

Defendant's counsel then approached the bench. The record is incomplete as to the exact nature of counsel's comments to the trial court, but the context provided by the trial court's remarks indicates that Defendant's counsel requested a mistrial.[4] The trial court denied the motion.

 Defendant claims that the reference to the other minor constituted evidence of an uncharged crime, and was not admissible. Generally, evidence of an uncharged crime is not admissible to show that the defendant has a propensity to commit crimes. *Driscoll* at 354. There are numerous exceptions to this rule, including evidence to prove motive, intent, absence of accident or mistake, or a common scheme or plan. *Bucklew v. State*, 38 S.W.3d 395, 401 (Mo. banc 2001). Moreover, evidence of other crimes may not be unduly prejudicial if the evidence of guilt is otherwise strong. *State v. Sanders*, 748 S.W.2d 835, 836 (Mo.App. E.D.1988).

Defendant cites *State v. Conley*, 938 S.W.2d 614 (Mo.App. E.D.1997), to support her claim that a mistrial was warranted. In *Conley*, the State introduced a tape-recorded confession in which the defendant admitted he sexually abused children other than those referred to in the charges upon which he was being tried. *Id.* at 618–19. The eastern district of this court remanded the case, finding the trial court improperly allowed evidence of uncharged crimes to be admitted. *Id.* at 621. This case is clearly distinguishable from *Conley*, however, because here, unlike *Conley*, the State did not build its case on the evidence of an uncharged crime. To the contrary, it was the State that requested the motion in limine to restrict allegations of uncharged crimes.

The remark regarding the other minor was isolated, and was not solicited by the State. No further mention of any conduct of Defendant towards her was made during the course of the trial. The testimony provided by the victims, psychiatrists, and social workers provided overwhelming evidence supporting the jury's finding of guilt apart from the mention of sexual abuse of the other minor. The trial court did not, therefore, abuse its discretion by denying Defendant's request for a mistrial, and Defendant's second point is denied.

The judgment of the trial court is affirmed.

BARNEY, P.J., and PREWITT, J., concur.

---

4. The State contends that plain error review should apply because the record is incomplete concerning Defendant's request. However, from reviewing the context of the trial transcript, and the recorded answer of the trial court to Defendant's motion, it is apparent that Defendant did request a mistrial.