**STATE of Missouri, Plaintiff/Respondent,**

v.

**Donald Robert HAWKINS, Defendant/Appellant.**

**No. ED 92691.**

Missouri Court of Appeals, Eastern District, Division Three.

April 27, 2010.

Gwenda Renee Robinson, Missouri Public Defender Office, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, James B. Farnsworth, Assistant Attorney General, Jefferson City, MO, for Respondent.

*Opinion*

MARY K. HOFF, Judge.

Donald Hawkins (Defendant) appeals from the judgment upon his conviction by a jury for three counts of first-degree statutory rape, in violation of Section 566.032, RSMo 1994;[1] one count of attempted first-degree statutory sodomy, in violation of Sections 566.062 and 564.011; three counts of second-degree statutory rape, in violation of Section 566.034; three counts of second-degree statutory sodomy, in violation of Section 566.064; one count of attempted second-degree statutory sodomy, in violation of Sections 566.064 and 564.011; one count of second-degree child molestation, in violation of Section 566.068; and two counts of incest, in violation of Section 568.020. Defendant was sentenced to a total of twenty-six years imprisonment.

Defendant raises four points on appeal. We summarily deny three of these points and find that an opinion reciting the detailed facts and restating the principles of law would have no precedential value. Rule 30.25(b). The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision.

■ Defendant's fourth point regarding sentencing on the attempted second-degree statutory sodomy count, we decide in this separate, published opinion. Defendant admits this claim is not preserved for appeal and requests plain-error review. Rule 30.20. To obtain relief under the plain error rule, a defendant must show not only that the trial court erred, but also that the error so substantially impacted his rights that manifest injustice or miscarriage of justice will inexorably result if the error is left uncorrected. *State v. Peeples,* 288 S.W.3d 767, 776 (Mo.App. E.D.2009). In contexts similar to the one here, this court has granted plain error relief finding manifest injustice has occurred when the trial court imposed a sentence which exceeded the maximum punishment permitted by law. *Id.; State v. Bynum,* 299 S.W.3d 52, 58 (Mo.App. E.D.2009).

■ Defendant argues that the trial court plainly erred in sentencing him to a seven-year term of imprisonment for his conviction on Count XI, attempted second-degree statutory sodomy. He points out that attempted second-degree statutory sodomy is a class D felony, for which the maximum sentence was five years. The State concedes this point.

Count XI charged Defendant with attempted second-degree statutory sodomy. The completed offense of second-degree statutory sodomy is a class C felony, which is punishable by a term of imprisonment "not to exceed seven years." Sections 558.011.1(3) and 566.064. But because the offense was charged as an *attempt,* the classification of the offense is reduced to a class D felony. Section 564.011.3(3). The maximum sentence for a class D felony, was five years. Section 558.011.1(4).[2] Thus, Defendant's seven-year sentence exceeded the maximum authorized by law.

---

1. Unless otherwise indicated, all further statutory references are to RSMo 1994.

2. Prior to June 27, 2003, a class D felony was punishable by a maximum term of imprisonment of five years, but currently, a class D felony is punishable by a maximum term of imprisonment of four years. Section 558.011.1(4), RSMo 1994; Section 558.011.1(4), RSMo 2000; Section 558.011.1(4), RSMo Cum.Supp.2003. Defendant must be sentenced in accordance with the law pre-dating June 27, 2003, the law in effect at the time the offense was committed. *State v. Guyton,* 158 S.W.3d 252, 256 fn. 3 (Mo.App. E.D.2005); Section 1.160, RSMo 1994.

We reverse the trial court's judgment with respect to Defendant's sentence for second-degree statutory sodomy. We remand the cause with instructions for the trial court to correct the sentencing error on Count XI in accordance with our holding. We affirm the judgment in all other respects.

GLENN A. NORTON, Presiding Judge and LAWRENCE E. MOONEY, Judge, concur.