STATE of Missouri, Respondent,

v.

Kristen E. SCHALLON, Appellant.

No. ED 94181.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 24, 2011.

Alexandra E. Johnson, St. Louis, MO, for appellant.

Chris Koster, Atty. Gen., Daniel N. McPherson, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

*Introduction*

Kristen Schallon (Schallon) appeals from a sentence and judgment of conviction for multiple sexual offenses. He asserts that the trial court erred in overruling his motion for a mistrial following testimony by the victim concerning a previously undisclosed inculpatory statement by Schallon (Point I); overruling his motion for judgment of acquittal on Count 15, which was not supported by substantial evidence (Point II); allowing both Counts 21 and 26 to go to the jury although both charges stemmed from the same act (Point III); and sentencing him to seven years in prison on Count 20, a Class D felony, which is beyond the maximum sentence allowed (Point IV). The State of Missouri confesses to reversible error in Points II, III, and IV in its appellate brief. We affirm in part and reverse in part.

*Background*

In 2007, Schallon was indicted for fifteen counts of forcible sodomy, in violation of Section 566.060, RSMo (2009); three counts of forcible rape, in violation of Section 566.030, RSMo (2009); one count of statutory rape in the first degree, in viola-

tion of Section 566.032, RSMo (2006); fifteen counts of statutory sodomy in the second degree, in violation of Section 566.064, RSMo (2000); one count of attempted statutory sodomy in the second degree, in violation of Sections 564.011 and 566.064, RSMo (2000); and ten counts of sexual misconduct in the first degree, in violation of Section 566.090, RSMo (2006).[1] After a trial, the jury found him guilty on all Counts. The trial court sentenced him to concurrent sentences of 30 years in the Missouri Department of Corrections on Counts 1–18 and 39; 7 years in the Missouri Department of Corrections on Counts 19–20, 24, 27–38, and 40; and one year in the St. Louis Medium Security Institution on Counts 21–23, 25–26, and 47–51. On appeal, Schallon challenges the sufficiency of the evidence only as to Count 15.

As relevant to this appeal, the victim, J.M., (Victim) testified to the following at the 2009 trial. Schallon was Victim's stepfather. Schallon began sexually abusing her beginning in 1990 when she was eight years old, and the abuse continued until 1999 when she left home at the age of sixteen.

Victim testified that when she was sixteen she witnessed a confrontation between her boyfriend (now her husband), to whom she had admitted Schallon's abuse, and Schallon. During the confrontation, not only did Schallon not deny the abuse, but he indicated his guilt by stating to the boyfriend, "Please take a shot at me. I deserve it. I deserve it. Please take a shot at me." Counsel for Schallon objected that this statement had not been disclosed to the defense prior to trial, in spite of the defense's discovery request for "the substance of any oral statements made by

[Schallon]." Defense counsel requested that Victim's statement be stricken from the record and the jury instructed to disregard it. The court granted these requests. Defense counsel then moved for a mistrial, which the trial court denied.

The arresting officer testified that upon Schallon's arrest, Schallon admitted that he had sexually abused Victim. He admitted an incident of abuse when Victim was eight years old, and indicated that the abuse had happened so many times that he could not give an accounting of how many times it had occurred. He stated, however, that some form of the abuse occurred everyday. He acknowledged that Victim had run away from home at the age of sixteen to get away from him and the abuse. He did not sign a written confession, but he wrote Victim a letter of apology.

Count 15 charged Schallon with sodomy between 1993 and 1994 for having "deviant sexual intercourse with [Victim] ... who was less than fourteen years old by having [Victim] touch his penis the same day as her birthday party." Victim testified, regarding Count 15, to the following.

My 11th birthday party, I had a bunch of friends over from USSC. We had a big birthday party in the backyard. I don't recall—I don't recall specifically touching his penis or anything like that, but I do recall, in the garage behind the house, various times, throughout that party, he would call me in there, and he would touch my vagina, and he would touch my breasts.

The jury instructions for Count 15 instructed the jury to find Schallon guilty of sodomy if they believed from the evidence beyond a reasonable doubt that "defendant

1. Also, the indictment charged six additional counts that were dismissed by the prosecution before trial.

had [Victim] touch his penis the same day as her birthday party." The jury found him guilty on Count 15.

Count 21 charged Schallon with sexual misconduct in the first degree between 1996 and 1999 for having Victim "touch his penis with her hand, on the same day he instructed her to perform oral sex on him." Count 26 also charged Schallon with sexual misconduct in the first degree between 1996 and 1999 for having Victim "touch his penis with her hand, before which he threatened to tell her mother about her relationship with her boyfriend." Victim testified, regarding Counts 21 and 26, that Schallon threatened to tell her mother that she had lost her virginity to her boyfriend unless she gave him oral sex; she took his penis in her hand and attempted to give him oral sex, but was unable to complete the act, and ran from the room. The jury found Schallon guilty of both Counts 21 and 26.

Count 20 charged Schallon with attempted statutory sodomy in the second degree. The jury instructions, however, submitted Count 20 as a completed offense, stating "you will find the defendant guilty under Count 20 of statutory sodomy in the second degree." The jury found Schallon guilty of Count 20: "an attempt to commit statutory sodomy in the second degree"; however, the trial court's oral pronouncement and the sentence and judgment listed Count 20 as a completed offense. The court sentenced him to seven years in prison on Count 20.

This appeal follows.

### Discussion

### Point I

■ In his first point on appeal, Schallon asserts that the trial court abused its discretion in overruling his request for a mistrial after Victim testified to an incul-patory statement made by Schallon that was not disclosed to the defense. We disagree.

■■ The decision whether to impose a sanction, including mistrial, for noncompliance with discovery rules rest within the "sound discretion" of the trial court. *State v. Wallace*, 43 S.W.3d 398, 402 (Mo.App. E.D.2001). We review a trial court's decision for abuse of discretion, and will reverse only when there is a reasonable likelihood that the discovery violation affected the result of the trial. *Id.* at 402–03.

The trial court here did not abuse its discretion in denying a mistrial, because there was no reasonable likelihood that Victim's testimony affected the result of the trial. *Id.* The court ordered the jury to disregard Schallon's statement made during a confrontation with Victim's boyfriend in which he suggested his guilt by saying, "Please take a shot at me. I deserve it." However, the record also included both Schallon's confession of guilt to police, which was admitted without objection, and a letter Schallon wrote to Victim in which he apologized for his "inappropriate behavior." Further, Schallon's confession to the police corroborated Victim's properly admitted testimony describing Schallon's years of abuse.

Although his statement saying he deserved to be hit should have been disclosed to the defense before trial in accordance with the discovery order, the statement was cumulative to properly admitted evidence and there was no prejudice to Schallon. *State v. Edwards*, 116 S.W.3d 511, 534–35 (Mo. banc 2003) (when statement in violation of discovery rules was cumulative to similar statements already in record, its admission did not prejudice defendant; thus, court's order for jury to disregard statement was reasonable sanction). Because the statement did not affect the result of the trial, the trial court did not

abuse its discretion in ordering the jury to disregard the statement rather than granting a mistrial. *Id.*

Point denied.

## Point II

In his second point on appeal, Schallon argues the trial court erred in accepting the jury's verdict on Count 15 and in sentencing him upon that conviction, because the State did not present sufficient evidence to prove that he committed the crime of forcible sodomy, as set forth in Count 15. The State concedes the point and we agree.

We review challenges to sufficiency of the evidence supporting a criminal conviction for whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of all the essential elements of the crime. *State v. Gibbs,* 306 S.W.3d 178, 181 (Mo.App. E.D.2010). We accept as true all evidence supporting the jury's verdict, including all favorable inferences therefrom, and disregard all contrary evidence and negative inferences. *Id.*

Here, Count 15 charged Schallon with forcible sodomy for "having [Victim] touch his penis the same day as her birthday party." However, Victim testified that she did not "recall specifically touching his penis" the day of her birthday party. We agree with both parties that there was not sufficient evidence presented at trial from which a reasonable juror could have found him guilty of Count 15 as charged. *Id.*; *State v. Armstrong,* 863 S.W.2d 374, 377 (Mo.App. E.D.1993) ("[w]here the act constituting the crime is specified in the charge, the State is held to proof of that act; and a defendant may be convicted only on that act"). Accordingly, Count 15 must be vacated.

Point sustained.

## Point III

In his third point on appeal, Schallon argues that the court plainly erred in overruling his objection to submitting both Counts 21 and 26 to the jury, in that both counts stemmed from the same incident and thus violated his right to be free of double jeopardy. The State concedes the point and we agree.

Schallon admits that this issue was not preserved for appellate review, and thus our review is for plain error. Under the plain-error standard, we will reverse only if a plain error affecting a substantial right results in manifest injustice or a miscarriage of justice. Mo. R.Crim. P. 30.20. It is a defendant's burden to demonstrate manifest injustice or a miscarriage of justice. *State v. Irby,* 254 S.W.3d 181, 192 (Mo.App. E.D.2008).

Here, Count 21 charged that Schallon had Victim touch his penis on the same day he instructed her to perform oral sex on him. Count 26 charged that Schallon had Victim touch his penis after threatening to tell her mother about Victim's relationship with her boyfriend. The evidence reveals that these incidents were part of the same event, and that, during this event, Schallon had Victim touch his penis only one time. The Double Jeopardy Clause prohibits multiple punishments for the same offense. *State v. Horton,* 325 S.W.3d 474, 477–78 (Mo.App. E.D.2010). Here, both Counts 21 and 26 charge sexual misconduct in the first degree and are based on the same event in which Schallon had Victim touch his penis. Because the elements of the charged offenses and the proof required for conviction are identical, the Double Jeopardy Clause prevents conviction of both. Section 566.090; *State v. Burns,* 877 S.W.2d 111, 112 (Mo. banc

1994). We remand for the trial court to vacate either Count 21 or 26.

Point sustained.

### Point IV

 In his fourth point on appeal, Schallon argues that the trial court plainly erred in sentencing him to seven years in the Missouri Department of Corrections on Count 20, attempt to commit statutory sodomy in the second degree, because the sentence exceeds the maximum allowed. The State concedes the point and we agree.

Schallon again admits that this issue was not preserved for appellate review, and that plain-error review is proper. Accordingly, we will reverse if there was a plain error affecting a substantial right, resulting in manifest injustice or a miscarriage of justice. Mo. R.Crim. P. 30.20.

 "Due process forbids extension of punishment beyond the term otherwise imposable by law for the particular offense." *Dudley v. State*, 903 S.W.2d 263, 267 (Mo. App. E.D.1995). Here, Schallon was charged with and convicted of attempted second-degree statutory sodomy, and is therefore subject to the range of punishment for a Class D felony. Section 564.011.3(3) (attempt to commit class C felony is class D felony); Section 566.064 (statutory sodomy in second degree is class C felony). The maximum sentence for a class D felony at the time Schallon committed the crime was five years. Section 558.011.1(4), RSMo (1994). Therefore, Schallon's seven-year sentence exceeded the maximum punishment permitted by law. *State v. Hawkins*, 308 S.W.3d 776, 777 (Mo.App. E.D.2010). The trial court plainly erred. *Drennen v. State*, 906 S.W.2d 880, 882 (Mo.App. E.D.1995) ("[a]n

unauthorized sentence affects substantial rights and results in manifest injustice").

Point sustained.

### Conclusion

The judgment of the trial court is affirmed in part and reversed in part. We vacate Count 15, and remand to the trial court for it to vacate either Count 21 or 26 and to correct the sentencing error on Count 20 in accordance with this opinion.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concur.