

# Missouri Court of Appeals

## Southern District

### Division Two

TOMMY MORPHIS, )
)
    Plaintiff-Appellant, )
)
v. ) No. SD37124
)
TRACKER MARINE, LLC, ) **Filed: January 25, 2022**
)
    Defendant-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier

### <u>AFFIRMED</u>

Tommy Morphis ("Employee") appeals a jury verdict in favor of the defendant, Tracker Marine, LLC ("Employer"), on Employee's claim for damages based upon age discrimination and retaliation. In two points on appeal, Employee claims the trial court abused its discretion in refusing to allow him to argue to the jury that it should draw an adverse inference from Employer's failure to call a particular witness at trial. Because Employee failed to properly preserve that claim for appellate review, we affirm.

### Background

Employee had worked for Employer for 18 years and was 67 years old when Employer offered to "realign" him from his position of Director of New Product Development to Technical Engineer. His salary and benefits – including a company vehicle

and healthcare – would not change. Employee's refusal to accept the realignment resulted in his "separation" from the company.

At trial, Employee testified that John Morris ("Mr. Morris"), the owner of the company, came into Employee's office around the Thanksgiving holiday in 2013 and said, "You are still -- you are lucky to still be working here; you are lucky to still be designing boats at your age." In his rebuttal closing argument, Employee's counsel argued that this conversation was the catalyst that caused Employer, just a few days later, to present the "realignment" proposal that led to Employee's separation from Employer.

Prior to trial, Employee had listed Mr. Morris as a potential witness to be called by Employee at trial, but Employee did not attempt to subpoena Mr. Morris, and he did not testify at trial. At the end of the four-day trial, the jury rendered a unanimous verdict in favor of Employer.

**Analysis**

Employee's two points claim the "trial court abused its discretion in prohibiting [Employee]'s adverse inference argument about [Employer]'s failure to call [Mr.] Morris as a witness" because Employee's "conversation" with Mr. Morris "was vital to the case, [Mr.] Morris was [Employer]'s owner, and [Mr. Morris] was not equally available to the parties[.]"[1]

The trial court has broad discretion in determining whether the facts warrant allowing a party to argue an adverse inference from a failure to produce a witness. *State v. Dizer*, 119 S.W.3d 156, 164 (Mo. App. E.D. 2003). As a general rule, a party may not argue

---

[1] Employee's second point claims, for the same reason, that the trial court abused its discretion in denying Employee's post-trial motion for a new trial.

2

an adverse inference from the failure to call a witness that is either equally available or unavailable to both parties. *State v. Wallace*, 43 S.W.3d 398, 404 (Mo. App. E.D. 2001).

To determine whether a witness is equally available, a court must consider the following: "(1) one party's superior ability to know or identify the witness; (2) the nature of the testimony expected to be given by the witness; and (3) a relationship between a party and the witness which indicates a likelihood that the witness[ ] would testify more favorably for one party than the other." *Id.* (quoting *State v. Anderson,* 867 S.W.2d 571, 576 (Mo. App. W.D. 1993)).

The relevant portion of Employee's rebuttal closing argument and the trial court's ruling took place as follows:

> [EMPLOYEE'S COUNSEL]:  [I]t was an age issue confirmed by Mr. Morris.  It's kind of like that movie, Where is Johnny?  Where is Johnny?  Did [Mr. Morris] come in here to deny this?  Did [Mr. Morris] come –
>
> [EMPLOYER'S COUNSEL]:  Well, Judge, this is improper because [Employee] could have subpoenaed and brought Mr. Morris into this courtroom if he wanted to.
>
> THE COURT:  [addressing Employee's counsel], it's an improper argument. You shall cease it at this time.
>
> [EMPLOYEE'S COUNSEL]:  All right.
>
> THE COURT:  I think you know that.
>
> > To properly preserve a matter for appellate review, the trial objection "'must be specific, and the point raised on appeal must be based upon the same theory' presented at trial." *State v. Boydston,* 198 S.W.3d 671, 674 (Mo.App. S.D.2006) (quoting *State v. Brethold,* 149 S.W.3d 906, 909 (Mo.App. E.D.2004)).  "It is incumbent on the objecting party to make the basis of his objection reasonably apparent to the court in order to provide the opponent an opportunity to correct the error and the court to correctly rule on it." *Boydston,* 198 S.W.3d at 674 (quoting *State v. Schuster,* 92 S.W.3d 816, 823 (Mo.App. S.D.2003)).

*State v. Goins*, 306 S.W.3d 639, 645-46 (Mo. App. S.D. 2010).

Here, by his response of, "All right[,]" Employee's counsel appeared to accept the ruling, and by failing to make any argument that the adverse inference was appropriate under the circumstances, Employee's counsel deprived the trial court of any chance to change its ruling at the time of trial. *See Id.* at 647 (the purpose of the specific objection requirement is to allow the trial court to make a reasoned and informed ruling). A party cannot decline to inform the trial court of an alleged error, wait to see if the jury's verdict is favorable, then complain about the alleged error in a post-trial motion if the verdict does not go his way. *See Paulson v. Dynamic Pet Prods., LLC*, 560 S.W.3d 583, 592-93 (Mo. App. W.D. 2018) (describing such a practice as "sandbagging" and stating that such tactics will not preserve the issue for appeal).[2]

Having failed to present his argument to the trial court at the time of its ruling, Employee failed to preserve his objection for appellate review. *Goins*, 306 S.W.3d at 646. Employee's points are denied, and the judgment of the trial court is affirmed.

DON E. BURRELL, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[2] Even if his complaint had not come too late, Employee's argument on appeal as to why Mr. Morris was not equally available to him as a witness is inadequate in that it relies solely on his assertion that Mr. Morris "owned the . . . company[.]"

4