STATE of Missouri, Plaintiff–
Respondent,

v.

Kendal W. HOWELL, Defendant–
Appellant.

No. 27822.

Missouri Court of Appeals,
Southern District,
Division Two.

June 19, 2007.

---

1. All statutory references are to RSMo (2000).

Ellen H. Flottman, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Karen L. Kramer, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Kendal W. Howell ("Defendant") was convicted, following a jury trial, of three counts of statutory rape in the first degree, violations of Section 566.032.[1]  On

1. All references to statutes are to RSMo (2000) unless otherwise indicated.

appeal, Defendant contends that the admission of a video-taped statement violated the Confrontation Clause, because Defendant was unable to effectively cross-examine the declarant. We affirm.

Viewed in the light most favorable to the verdict, the evidence adduced at trial reveals the following:

For almost three years, Defendant lived with C.H. ("Mother") and her three children: J.H., born April 20, 1996, C.H. ("Victim"), born September 16, 1997, and infant, D.H. In 2004, they lived in a two bedroom mobile home in St. Robert, Missouri, where the children shared a bedroom.

On the evening of April 16, 2004, Mother went to Wal–Mart with J.H., leaving Defendant at home with Victim and D.H. When Mother returned home, Defendant's truck was gone, and Victim and D.H. were sitting on the couch watching television. Victim was wearing a nightgown and appeared to be "shaken up."

A couple of days later, Mother found a pair of Victim's underwear with blood inside, in the bottom of a laundry basket in the children's bathroom. She asked Victim about the blood and Victim told her that she could not tell anybody. Mother had Victim lie down on the bed and pulled her pants down, at which time she saw blood between Victim's legs. Mother took Victim to their family doctor, who sent them to a hospital in Rolla, Missouri. They were then sent to the Child Advocacy Center ("CAC") in Springfield, Missouri, because there was no one at the hospital certified to perform a SAFE exam on Victim.

At the CAC, Victim spoke with Micki Lane ("Lane"), who conducted a video-taped interview of Victim. Victim told Lane that Defendant told her to come into the bedroom and he "stuck something" in her. Victim said she was six when this happened and that it happened three times. Victim pointed to her vagina, when she was asked were Defendant "stuck something." Victim pointed to the penis on a drawing of a boy to indicate what Defendant "stuck" in her. Victim said that Defendant told her not to tell Mother or he would do it again. Victim said that, on the third occasion she was asleep in her bed, and Defendant woke her up and did what he had done before.

A SAFE exam was conducted on Victim and she was then sent to the emergency room at St. John's Hospital. At the hospital, the attending physician examined Victim and found a large vaginal laceration and contacted Dr. Christina Litherland ("Dr. Litherland"), an obstetrician/gynecologist. Dr. Litherland asked Victim what had happened, and she responded "he stuck something inside me." Victim was taken to the operating room where Dr. Litherland found a large tear from the vagina through the rectum, approximately three centimeters in length. There was granulation tissue present, indicating that the wound had been open for a few days. The injury appeared to be three to four days old. The tear was rated as a fourth-degree tear, meaning that it went all the way through the vagina, through the rectal sphincter and into the rectal mucosa, which would have bled profusely. Dr. Litherland determined that the injury was caused by some type of dilating injury, where a blunt object had been inserted that was too big for the space. The tear was consistent with the insertion of a penis. Victim's injuries required three layers of stitches, and she was in the hospital for a week.

Deputy Bob Glass ("Deputy Glass") with the Pulaski County Sheriff's Department went to Victim's mobile home and recovered a pair of girl's underwear from the

washing machine, which appeared to have blood in the crotch area. Deputy Glass also recovered a girl's nightgown and a pair of child's under-shorts from the clothes hamper, which also had blood on it.

The State filed an amended felony information charging Defendant with three counts of statutory sodomy, violations of Section 566.032. Following a trial, the jury returned verdicts of guilty on all three counts. Defendant filed a motion for judgment of acquittal notwithstanding the verdict and a motion for new trial, which were overruled. Defendant was sentenced to fifteen years in the department of corrections on each count with the sentences on Counts II and III to run concurrently with each other, but consecutively to the sentence on Count I. This appeal followed.

■ In Defendant's sole point on appeal, he argues that the trial court erred in allowing the admission of Victim's videotaped statement. Specifically Defendant asserts that the admission of the videotaped statement violated the Confrontation Clause, because Defendant's counsel was unable to effectively cross-examine Victim at trial. We disagree.

Prior to trial, the State filed a motion to admit Victim's video-taped statement, pursuant to Section 491.075, the child victim hearsay statute. Defendant filed a Confrontation Clause objection to the admission of the evidence, as well as a motion in limine to exclude hearsay, and a hearing was held. At the hearing, Lane testified that she spoke with Victim on April 19, 2004, the interview was video-taped, and the tape was an accurate depiction of the interview. The trial court ruled that the video-tape was admissible, over Defendant's objections, and it was played for the jury at trial.

■ We generally review the admission of hearsay testimony for an abuse of discretion, but questions of law are reviewed *de novo*. *State v. Justus*, 205 S.W.3d 872, 878 (Mo. banc 2006). Whether the admission of hearsay testimony violated the Confrontation Clause is a question of law, which we review *de novo*. *Id.*

Section 491.075.1, governing the admission of child hearsay statements, provides as follows:

A statement made by a child under the age of fourteen relating to an offense under chapter 565, 566 or 568, RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

(1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2) (a) The child testifies at the proceedings; or

(b) The child is unavailable as a witness; or

(c) The child is otherwise physically available as a witness but the court finds that the significant emotional or psychological trauma which would result from testifying in the personal presence of the defendant makes the child unavailable as a witness at the time of the criminal proceeding.

■ The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. Amend. VI. Similarly, the Missouri Constitution provides that, "in criminal prosecutions the accused shall have the right to ... meet the witnesses against him face to face." Mo. Const. art. I, sec. 18(a). "The

confrontation rights protected by the Missouri Constitution are the same as those protected by the Sixth Amendment of the United States Constitution." *Justus*, 205 S.W.3d at 878 (quoting *State v. Schaal*, 806 S.W.2d 659, 662 (Mo. banc 1991)).

The introduction of testimonial hearsay will violate the Confrontation Clause unless: (1) the witness is unavailable, and (2) the defendant has had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). However, where as here, "the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 59 n. 9, 124 S.Ct. at 1369. "The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *Id.* "[W]here the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." *California v. Green*, 399 U.S. 149, 162, 90 S.Ct. 1930, 1937, 26 L.Ed.2d 489 (1970). "[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." *Id.* at 158, 90 S.Ct. at 1935.

Here, Defendant complains that his counsel was not able to effectively cross-examine Victim, because she did not remember making the hearsay statements at issue, nor was she able to recall any details of the charged offense. Victim's testimony at trial revealed the following: she was eight years old at the time of trial; she knew the difference between telling a lie and telling the truth; she understood that telling the truth was important and prom-

ised to do so; she remembered living with Defendant, and identified him in court; she remembered that Defendant did something to hurt her; Defendant touched her with part of his body, but she did not remember where he touched her; and Defendant touched her on three occasions. Victim indicated that Defendant touched her with his penis by placing a mark on a drawing of a boy. Finally, Victim testified that she did not remember making a statement to anyone about what Defendant had done to her, going to the hospital, or having surgery.

During cross-examination, Victim admitted that she was having trouble remembering things. Victim stated that no one had told her what to say or what her answers should be. She remembered talking to Deputy Glass, but could not recall talking to Lane.

In *United States v. Owens*, the Supreme Court of the United States held that the Confrontation Clause is satisfied where a defendant has a full and fair opportunity to bring out a witness' bad memory and other facts tending to discredit his testimony. 484 U.S. 554, 559–60, 108 S.Ct. 838, 842–43, 98 L.Ed.2d 951 (1988). The Court explained that, "[t]he Confrontation Clause guarantees only an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Id.* at 559, 108 S.Ct. at 842 (alteration in original, citations and quotations omitted). In *Delaware v. Fensterer*, 474 U.S. 15, 21–22, 106 S.Ct. 292, 295, 88 L.Ed.2d 15 (1985), the Court explained that:

> The Confrontation Clause includes no guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion. To the contrary, the Confrontation Clause is

generally satisfied when the defense is given a full and fair opportunity to probe and expose these infirmities through cross-examination, thereby calling to the attention of the fact[-]finder the reasons for giving scant weight to the witness' testimony.

The record clearly shows that Defendant had the opportunity to effectively cross-examine Victim under oath and call to the attention of the jury Victim's forgetfulness. Therefore, the Confrontation Clause was satisfied. Other jurisdictions have reached the same conclusion under similar circumstances. *See State v. Price*, 158 Wash.2d 630, 146 P.3d 1183 (Wash.2006)(holding that admission of child victim's prior statements did not violate the Confrontation Clause even where the victim was unable to remember the charged events or the prior statements, where victim testified at trial, was subject to cross-examination and was asked about the events and the hearsay statements); *and State v. Carothers*, 724 N.W.2d 610 (S.D.2006). "The weapons available to impugn the witness' statement when memory loss is asserted will of course not always achieve success, but successful cross-examination is not the constitutional guarantee." *Owens*, 484 U.S. at 560, 108 S.Ct. at 843. The trial court did not err in admitting Victim's video-taped statement, because Defendant was given the opportunity for effective cross-examination. This point is denied.

The judgment and sentence of the trial court is affirmed.

BATES, C.J., and LYNCH, J., concur.