**Jerry GUESE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 28240.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 24, 2008.

Motion for Rehearing or Transfer
Denied Feb. 14, 2008.

Application for Transfer Denied
April 15, 2008.

 · 

 
 
 
 
 
 
 

 
 
 

 

 

 
 
 
 

 

 
 
 
 

 

 
 
 

 

 
 
 
 
 
 

Frank K. Carlson, Union, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joshua N. Corman, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Jerry Guese ("Movant") appeals the denial of a Motion to Vacate, Set Aside or Correct the Judgment and Sentence under Rule 29.15.[1] Movant sought post-conviction relief for his conviction of child moles-tation in the first degree, in violation of section 566.067, for which Movant was sentenced to ten years imprisonment. Movant argues that his trial counsel was ineffective because he did not object to certain testimony on Confrontation Clause grounds. The motion court denied the motion for post-conviction relief and found that counsel was not ineffective. We agree.

The victim in this case made extrajudicial statements about the molestation to four different people. Each of those four people was allowed to testify at trial to what the victim told them. The admissibility of the extrajudicial statements made by the victim to her father, her mother, her grandmother, and a nurse was determined, pursuant to section 491.075, prior to the commencement of the criminal trial, at an evidentiary hearing outside the presence of the jury. Movant's trial counsel argued against the admission of the out-of-court statements arguing that they were not sufficiently reliable to get around the hearsay rule. After an evidentiary hearing, the trial court found, in accordance with the statutory requirements, "there is substantial [evidence] to prove the truth of the matter and as to time, content, circumstances, [the] statement[s][ ] provide sufficient [indicia of] reliability, over the objections of the Defendant[,] the Court's [sic] going to admit those statements."[2]

At trial, each of the four witnesses was allowed to testify, without Confrontation Clause objection, to what the victim told them occurred. The victim also testified. When the victim testified, the court made

---

1. All rule references are to Missouri Court Rules (2007), unless otherwise specified. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Movant challenges the trial court's findings on the section 491.075 evidentiary hearing as "gibberish," however, it was clear to the motion court and to this Court that the trial court, after an extensive section 491.075 evidentiary hearing, was attempting to state his findings in accordance with the required standard of section 491.075.

arrangements to situate the witness stand so that it directly faced the jury. The court also allowed the victim to sit near her mother. The position of the witness stand allowed the child victim to testify without being required to face Movant directly.

 In a post-conviction case, an appellate court must affirm the rulings of the motion court unless it appears that its findings, conclusions, and judgment are "clearly erroneous." Rule 29.15(k); *Johnson v. State*, 102 S.W.3d 535, 537 (Mo. banc 2003). A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made. *Id.* at 537–38. To prevail on a claim of ineffective assistance of counsel, a movant must show that trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This prejudice is shown where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. In order to prove that counsel's performance did not conform to this standard, Movant must rebut the strong presumption that counsel was competent. *Sidebottom v. State*, 781 S.W.2d 791, 796 (Mo. banc 1989).

 Movant first argues that the extrajudicial statements were not admissible under section 491.075 because the trial court did not make the proper statutory findings of "indicia of reliability." Under this statute, before the out-of-court statements made by a child can be admitted,

the trial court must find sufficient "indicia of reliability" in the statements. *State v. Wyble*, 211 S.W.3d 125, 129 (Mo.App. W.D. 2007). Additionally, the child must testify, be physically unavailable, or the court must determine that significant emotional or psychological trauma would result from testifying. *Id.* A review of the record confirms that the trial court properly found the statements to be sufficiently reliable and the victim testified at trial. The statements were properly admitted.

 In the same point relied on, Movant argues that the trial counsel was ineffective, and the motion court erred in finding otherwise, because the extrajudicial statements violated the Confrontation Clause and trial counsel failed to object on these grounds. We disagree and find that the analysis under the Confrontation Clause is unnecessary because the victim took the witness stand and was available for meaningful cross-examination.

 The Confrontation Clause is violated by the introduction of testimonial hearsay unless the witness is unavailable and the defendant has had a prior opportunity to cross-examine the witness. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Where the declarant appears for cross-examination at trial, however, the Confrontation Clause places no constraints at all on the use of extrajudicial statements, whether they are testimonial or not. *State v. Howell*, 226 S.W.3d 892, 896 (Mo.App. S.D.2007). The Confrontation Clause is not violated when the declarant is present to testify and submits to rigorous cross-examination. *Id. (citing California v. Green*, 399 U.S. 149, 162, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970)).

[T]he right guaranteed by the Confrontation Clause includes not only a "personal examination," but also "(1) insures that the witness will give [her] statements under oath-thus impressing [her]

with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the 'greatest legal engine ever invented for the discovery of truth'; [and] (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making [her] statement, thus aiding the jury in assessing [her] credibility". *Maryland v. Craig*, 497 U.S. 836, 845–46, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (internal citations omitted) (*quoting Green*, 399 U.S. at 158, 90 S.Ct. 1930).[3] These purposes can be met without physical face-to-face confrontation and, therefore, it has been held that defendants do not have an absolute right to face-to-face confrontation. *Id.* at 846–48, 110 S.Ct. 3157.

Here, Movant contends that there is a Confrontation Clause issue because the victim's statements, introduced at trial through four other witnesses, were testimonial and because the victim was positioned in such a way that Movant could not see the victim's face and, therefore, was not provided adequate confrontation. This Court finds that regardless of the testimonial or non-testimonial status of the statements, Movant's right to confrontation was not violated because the victim testified at trial and was subject to rigorous cross-examination.

■■ The cross-examination of the victim and her presence at trial alleviate any Confrontation Clause issues. There is no absolute right to a physical face-to-face confrontation and while there is a preference for face-to-face confrontation, the preference can be dispensed where the denial of such confrontation is in furtherance of an important public policy. *Craig*, 497 U.S. at 848, 110 S.Ct. 3157 (where the alleged child abuse victim, prosecutor, and defense counsel withdrew to another room, pursuant to state statutory procedure, the defendant's confrontation rights were not violated because though child could not see defendant, defendant remained in electronic communication with counsel and objections could have been made and ruled on as if the witness were in the courtroom).

■■ The protection of a child victim is clearly within the parameters of important public policy. Further, the victim was in the court room with Movant and was under oath,[4] and was therefore confronted with the seriousness of the situation; the jury was able to see the victim testify, which serves the purpose of allowing the jury to judge the credibility of the witness; and Movant's attorney was not limited in his cross-examination; therefore, Movant had an opportunity to question the victim, in front of the jury, about particular out-of-court statements that had been admit-

---

3. Although *Craig* was decided before *Crawford*, the Western District of this Court found that *Crawford* did not overrule *Craig* in *State v. Griffin*, 202 S.W.3d 670, 680–81 (Mo.App. W.D.2006).

4. The victim, who was six years old at the time of trial, was not given the familiar oath that is given to adults who take the witness stand; however, no special litany is required in administering the oath. *State v. Bowlin*, 850 S.W.2d 116, 117 (Mo.App. S.D.1993). Had an oath been formally delivered, it is unlikely that the victim would have comprehended the meaning of telling "the truth, the whole truth, and nothing but the truth." For this reason, in order for a child to be competent to testify, the child does not have to understand the meaning of the oath, so long as she understands the importance of telling the truth. *State v. Uelentrup*, 910 S.W.2d 718, 722 (Mo.App. E.D.1995). Here, when the victim was asked a series of questions involving the difference between a lie and the truth, the victim expressed a clear understanding of the importance of telling the truth while in the court room, thereby meeting the important purposes aligned with administering an oath to witnesses who take the witness stand.

ted. *See Craig,* 497 U.S. at 846, 110 S.Ct. 3157 (noting that the combination "of these elements of confrontation-physical presence, oath, cross-examination, and observation of demeanor by the trier of fact-serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo–American criminal proceedings").

Movant's confrontation rights were not at issue in this case, therefore, any objection would have been nonmeritorious. Counsel cannot be said to be ineffective for failing to make a nonmeritorious objection. *Worthington v. State,* 166 S.W.3d 566, 581 (Mo. banc 2005). Point one is denied. The ruling of the motion court is affirmed.

LYNCH, C.J., McBETH, SR. J., concur.