STATE of Missouri, Plaintiff–Respondent,

v.

William Jacob WILLIAMS, Defendant–Appellant.

No. SD 31864.

Missouri Court of Appeals, Southern District, Division Two.

June 18, 2013.

---

Ellen H. Flottman, Columbia, MO, for appellant.

Karen L. Kramer, Jefferson City, MO, for respondent.

MARY W. SHEFFIELD, J.

William Jacob Williams ("Defendant") appeals his convictions for first-degree statutory sodomy and first-degree child molestation. See §§ 566.062, 566.067.[1] Defendant argues the trial court erred in admitting into evidence State's Exhibit 1, a video recording of an interview of Victim at the Child Advocacy Center, because the admission of the exhibit violated his rights under the Confrontation Clause. We disagree and affirm.

### Standard of Review [2]

"Whether a defendant's constitutional rights were violated is a question of

---

1. Unless otherwise indicated, all statutory references are to RSMo Cum.Supp. (2011).

2. The State suggests Defendant's point is not preserved for appellate review because he presented a different theory in his trial objection. We disagree. Defendant timely objected to the admission of State's Exhibit 1 and cited the Confrontation Clause as the basis for

law reviewed *de novo.*" *State v. Aaron,* 218 S.W.3d 501, 506 (Mo.App. W.D.2007) (quoting *State v. Nunnery,* 129 S.W.3d 13, 17 (Mo.App. S.D.2004)).

### Factual and Procedural Background

Victim's mother began dating Defendant when Victim was eight months old. The couple married in February 2006. In 2009, the family, which by then included Victim's three younger brothers, lived in a basement apartment in the home of Defendant's mother. Defendant watched the children almost daily while Victim's mother worked or ran errands.

Victim's mother left Defendant in October 2009, moving, with the children, to Kansas. Victim then told her mother Defendant had been touching her inappropriately.

Kimberly Lowry–Grim ("the interviewer"), a forensic interviewer, interviewed Victim at the Child Advocacy Center in Springfield, Missouri, on November 6, 2009. At that time, Victim was seven years old. She told the interviewer Defendant had touched her in "bad places." Through the use of drawings and dolls, Victim indicated Defendant committed numerous sexual acts with her, including licking her chest and her vagina.

Defendant was charged with first-degree statutory sodomy and first-degree child molestation. The State filed a motion seeking to admit the video recording of Victim's interview at the Child Advocacy Center. The trial court granted the motion after an evidentiary hearing.

Defendant was tried by a jury on November 21–22, 2011. Victim testified as to sexual contact by the Defendant. When pressed for information about additional types of sexual contact, Victim asked for a

recess. After the recess, the prosecutor informed the trial court Victim was hyperventilating and refusing to return to the court room. The parties and the judge agreed it was necessary for Victim to return to the stand for cross-examination. Victim did return and took the stand. The prosecutor asked no further questions. The trial judge then gave defense counsel the opportunity to cross-examine the witness. Defendant's attorney announced he had no cross-examination of Victim.

Later, the prosecutor offered into evidence State's Exhibit 1, the video recording of Victim's interview at the Child Advocacy Center. Defendant's attorney objected, "based upon the Defendant's right to confrontation." In support, Defendant's attorney noted neither he nor Defendant had been present at the interview. The trial court overruled the objection, and the video was played for the jury.

The jury found Defendant guilty as charged. This appeal followed.

### Discussion

In his sole point on appeal, Defendant argues:

[t]he trial court erred in overruling defense counsel's objections and admitting Exhibit 1, the videotaped statement of [Victim] at the Child Advocacy Center, into evidence and allowing it to be played for the jury, because this violated [Defendant's] rights to confrontation and effective cross-examination ... in that despite the fact that [Victim] testified at trial, defense counsel was unable to effectively cross-examine her ... since [Victim] left the stand midway through

the objection. This was sufficient to alert the trial judge to the issues involved, so the objection was sufficient to preserve Defendant's claim for appellate review.

her testimony and was apparently unable to answer any further questions. We disagree.

"The Sixth Amendment's confrontation clause says, 'In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'" *State v. Biggs*, 333 S.W.3d 472, 477 (Mo. banc 2011) (quoting U.S. Const. amend. VI). The Missouri constitution protects the same right to confrontation. Mo. Const. Art. 1, § 18(a); *Aaron*, 218 S.W.3d at 507.

■ In *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court enunciated a new framework for addressing alleged Confrontation Clause violations. *State v. Perry*, 275 S.W.3d 237, 242 (Mo. banc 2009). "Where a witness is absent from trial, prior *testimonial* statements are admissible 'only where the declarant is unavailable and only where the defendant has had a prior opportunity to cross-examine.'" *Id.* (emphasis as in original) (quoting *Crawford*, 541 U.S. at 59, 124 S.Ct. 1354). "If, however, the declarant testifies at trial, there are no constraints on the use of his prior testimonial statements." *Biggs*, 333 S.W.3d at 477. *See also State v. Harding*, 323 S.W.3d 810, 817 (Mo.App. W.D.2010); *State v. Howell*, 226 S.W.3d 892, 897 (Mo.App. S.D.2007).[3] This is because "the Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Perry*, 275 S.W.3d at 244 (quoting *United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988)). Thus,

Missouri courts have held the Confrontation Clause did not prohibit the admission of an out-of-court statement where the declarant testified at trial even though the declarant could not remember the out-of-court statements or details of the events to which those statements related. *Howell*, 226 S.W.3d at 897. The same conclusion has been reached where the declarant refused to testify about the basis for the out-of-court statements, *Harding*, 323 S.W.3d at 816, and where the declarant gave limited testimony, *Perry*, 275 S.W.3d at 244.

■ Here, Victim was present at trial, took the stand, and answered questions. She also testified about some of the allegations. Although she demonstrated emotional difficulty, and, at one point refused to retake the stand, she did return to the stand, and Defendant's attorney was offered the opportunity to ask her questions face to face. Counsel chose not to conduct cross-examination. These facts show Victim testified at trial and was available for cross-examination regarding both her in court testimony and questions about her testimony contained in Exhibit 1, the previously videotaped statement of Victim at the Child Advocacy Center. Consequently, the admission of State's Exhibit 1 did not violate Defendant's rights under the Confrontation Clause.

Defendant's argument is much like the one this Court rejected in *Howell*. In *Howell*, the victim made a recorded statement at the Child Advocacy Center in which she disclosed the defendant had sexually abused her. 226 S.W.3d at 894. The recorded statement was admitted into evidence and played for the jury at trial. *Id.* at 895. The victim testified at trial, but

**3.** Defendant suggests we should reconsider the holding in *Howell*, but offers no legal basis for deciding the case differently. We decline to accept Defendant's suggestion in light of the numerous cases, only a few of which are cited above, holding the Confrontation Clause is not implicated where the declarant testifies and is available for cross-examination.

she was not able to recall the details of the offense, and she did not remember making the statement at the Child Advocacy Center. *Id.* at 896. The defendant argued the admission of the recorded statement violated his rights under the Confrontation Clause because "his counsel was not able to effectively cross-examine [v]ictim[.]" *Id.* This Court disagreed, because the victim testified at trial and the defendant's attorney was able to call attention to her forgetfulness. *Id.* Here, too, Victim testified at trial, and Defendant's attorney had the opportunity to cross-examine her and to argue her credibility to the jury.

The trial court did not err in admitting State's Exhibit 1 because Victim testified at trial in a face-to-face confrontation. Defendant's sole point on appeal is denied.

### Decision

The trial court's judgment is affirmed.

DANIEL E. SCOTT, P.J., and JEFFREY W. BATES, J., concur.