

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED106224 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 15SL-CC06222-01 |
| | ) | |
| DASHAUN WOOTEN, | ) | Honorable David L. Vincent III |
| | ) | |
| Appellant. | ) | Filed: April 16, 2019 |

### OPINION

Dashaun M. Wooten appeals the judgment entered upon his convictions following a bench trial in the Circuit Court of St. Louis County of one count of first-degree assault causing serious physical injury, one count of armed criminal action, and one count of unlawful possession of a firearm. The court found Wooten guilty on all counts and sentenced him to three concurrent terms of ten years in prison. In his sole point on appeal, Wooten contends that the trial court erred when it admitted testimony of hearsay statements the victim had made because the State failed to lay a proper foundation for the admission of Victim's prior inconsistent statements under § 491.074.[1]

Finding no error, we affirm.

---

[1] All statutory references are to RSMo 2016 unless otherwise indicated.

## Factual and Procedural Background

On September 8, 2015, St. Louis County Police Officer M.W. was dispatched to a location in the municipality of Glasgow Village for a reported shooting. At the scene, the officer spoke with the Victim, who told her that Keland Baker's cousin shot him.[2] With respect to the events leading up to the shooting, Victim told Officer M.W. the following: While he was at the Uptown Market, a small grocery store located near the scene of the shooting, Victim began arguing with Baker, who was with Wooten at the store. Victim left the store and began to walk away but Baker and Wooten gave chase. Victim attempted to escape by running to a friend's house nearby where he was shot by Wooten twice in the right leg. Wooten fired five shots in all.

On September 10, 2015, while Victim was still hospitalized, he was interviewed separately by Detective T.E. and Detective J.A. Victim told Detective T.E. about his history of conflict with Baker and Wooten, and also described the shooting to the detective. Victim stated that two months before the shooting, he had argued with Baker and had a physical altercation with Wooten. Victim also told Detective T.E. that on the day of the shooting, he was at Uptown Market when Baker entered the store and they argued again. Victim stated that Wooten shot him and described Wooten as a black male, about six feet tall, with short dreadlocks.

Detective J.A. then interviewed Victim. He showed Victim two photograph lineups. From the first lineup, Victim identified Baker, and from the second lineup, Victim identified another individual unrelated to this case. Victim told Detective J.A. that while he recognized those two individuals, neither was involved in the shooting. Detective J.A. showed Victim a recent

---

[2] Throughout the trial, Victim and the witnesses consistently referred to Wooten as Baker's "cousin" because of Wooten and Baker's familial relationship.

2

photograph of Wooten and, without hesitation according to Detective J.A., Victim identified Wooten as the shooter.

Several months later, just before the December 2015 preliminary hearing, Victim described the events that led up to the shooting to Assistant Prosecuting Attorney T.R. His description was consistent with his prior statements described above. At the preliminary hearing, Victim identified Wooten as the shooter. Then, a year and a half later, in May 2017, Victim told Officer B.K. and another assistant prosecuting attorney that Wooten was the shooter.

But at the October 30, 2017 trial, just five months after Victim had again identified Wooten as the shooter, Victim testified that he no longer remembered any of the aforementioned statements identifying Wooten as the shooter. The State then called as witnesses the four aforementioned police officers and Assistant Prosecuting Attorney T.R. and each testified, over Wooten's objections, that Victim identified Wooten as the shooter. The court found Wooten guilty on all counts and sentenced him to three concurrent terms of ten years in prison. This appeal follows.

## Standard of Review

We review for abuse of discretion the trial court's admission of evidence. *State v. Freeman*, 269 S.W.3d 422, 426 (Mo.banc 2008). The trial court has broad leeway in choosing to admit evidence; therefore, we will not interfere with or disturb the trial court's exercise of this discretion unless "it is clearly against the logic of the circumstances." *Id.* at 426-27 (citing *State v. Forrest*, 183 S.W.3d 218, 223 (Mo.banc 2006)). *See also State v. Edwards*, 116 S.W.3d 511, 532 (Mo.banc 2003). Moreover, to demonstrate reversible error here, the defendant must show that the trial court's erroneous admission of evidence deprived him of a fair trial. *Forrest*, 183 S.W.3d at 223-24.

3

## Discussion

In Wooten's sole point on appeal, he claims that the trial court erred when it allowed those five witnesses to testify as to Victim's prior inconsistent statements because the State failed to lay a proper foundation under § 491.074. Wooten claims that Victim's inability to remember his prior statements constituted a refusal to testify, and therefore should not have been permitted to serve as the foundation for the admission of his prior inconsistent statements under § 491.074. We affirm because we find the State properly laid a foundation for Victim's hearsay testimony pursuant to § 491.074.

Hearsay is an out-of-court statement that is offered into evidence to prove the truth of the matter asserted. *State v. Reed*, 282 S.W.3d 835, 837 (Mo.banc 2009). Hearsay statements are inadmissible unless they fit within an exception to the hearsay rule. *State v. Archuleta*, 955 S.W.2d 12, 16 (Mo.App.W.D. 1997). One of those exceptions is codified in § 491.074, which allows for the admission of prior inconsistent statements as substantive evidence in criminal cases: "Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of a criminal offense shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement."

To lay a proper foundation for the admission of a prior inconsistent statement, the party seeking to introduce the statement must simply ask the witness whether he made the statement and whether it is true. *Reed*, 282 S.W.3d at 838 (citing *Archuleta*, 955 S.W.2d at 15). The statement may then be admitted even if the witness claims not to remember making the statement. *Id.* This court confirmed the sufficiency of this standard in *State v. Stufflebean*, 548 S.W.3d 334, 344 (Mo.App.E.D. 2018). Further, courts have recognized that a prior inconsistent statement can be

4

the sole basis for a guilty verdict. *State v. Betts*, 559 S.W.3d 47, 55 (Mo.App.E.D. 2018) (citing *State v. Lewis*, 431 S.W.3d 7, 12 (Mo.App.E.D. 2014)).

This case is like *Archuleta*, where the victim testified that she could not recall the assault or her statements to law enforcement, but the court held that it was precisely her lack of memory under oath that laid the foundation for the admission of her prior inconsistent statements to law enforcement. 955 S.W.2d at 16. Here, Victim's testimony that he did not remember making hearsay statements is adequate foundation for the admission of the other witnesses' testimony about what Victim told them.

We acknowledge but reject Wooten's argument that Victim's sudden faulty memory was so improbable that it was therefore improper for the State to put Victim on the stand, elicit probable perjured testimony, and then use that as the foundation to get into evidence Victim's prior statements that identified Wooten as the shooter. Simply put, § 491.074 contemplates inconsistencies between testimony and prior statements made. That is what occurred here and we therefore find no error.

### Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

James M. Dowd, Judge

Sherri B. Sullivan, P.J., and
Lawrence E. Mooney, J., concur.

5