

# Missouri Court of Appeals

## Southern District

### Division One

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) No. SD36200 |
| vs. | ) |
| | ) **Filed: February 19, 2021** |
| TIMOTHY M. KLEESCHULTE, | ) |
| | ) |
| Appellant. | ) |

### APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable John D. Beger, Judge

### **AFFIRMED**

A jury found Appellant Timothy Kleeschulte guilty of second-degree domestic assault. He does not challenge the sufficiency of the evidence to sustain the conviction. Rather, he raises four claims of trial error in the admission of evidence. We affirm because the challenged evidence was admissible under hearsay exceptions (Points I and III), the Confrontation Clause was not violated (Point IV), and his unpreserved claim (Point II) does not warrant exercise of our discretion to review for plain error.

### **Background**

We relate the relevant facts in the light most favorable to the verdict. ***State v. Hooper***, 552 S.W.3d 123, 126 (Mo.App. 2018).

Mr. and Mrs. Daniels witnessed a man by the side of the road standing over a woman ("Victim") who was in a defensive posture, with her back on the ground and her arms and legs in the air. By the time they turned their vehicle around and stopped to render assistance, the man had departed at a fast pace. Victim was on her feet but unsteady, with redness and swelling on the side of her face. She said her boyfriend was crazy, he had just beaten her, and she wanted help. Mr. Daniels called 911.

An officer arrived and was approached by the Victim in an "almost hysterical" state: crying, frightened, and yelling, "[H]elp me, help me." Her face was bloody and had fresh injuries. The officer called for an ambulance. As they waited, Victim said she had accused her boyfriend (Appellant) of cheating on her, they had fought, he had hit her numerous times with a closed fist, and she had fallen backwards and lost consciousness. Officers found Appellant in his nearby home, with Victim's blood smeared on his jacket, hands, and face.

Victim testified that she did not remember much about that night and did not recall any conversations she had with the officer or the Danielses. She figured she "had to have been" drunk that night, and when she drank too much she would fall and get bruised. She was still living with Appellant at the time of trial. When asked if she feared reprisal for testifying against him, she declared, "I'm not testifying against him."

The officer and the Danielses also testified. Defense counsel objected to the officer's testimony about Victim's statements and to statements Mr. Daniels attributed to Victim in the 911 call recording. Appellant challenges the overruling of those objections and the admission of that evidence.

**Principles of Review**

A trial court has wide discretion to admit or exclude evidence in a criminal trial. *State v. Wood*, 580 S.W.3d 566, 574 (Mo. banc 2019). "[E]rror occurs only when there is a clear abuse of this discretion." *Id.* Whether a defendant's constitutional rights were violated is a question of law we review *de novo*. *State v. March*, 216 S.W.3d 663, 664-65 (Mo. banc 2007). We will reverse only if there is a reasonable probability an error affected the outcome of the trial or deprived the defendant of a fair trial. *Wood*, 580 S.W.3d at 574.

**Officer's Testimony (Point I)**

Appellant first claims the officer's testimony that Victim said Appellant assaulted her was inadmissible hearsay.

"A hearsay statement is any out-of-court statement that is used to prove the truth of the matter asserted and that depends on the veracity of the statement for its value. A hearsay statement is generally inadmissible unless it falls within a recognized exception." *State v. Gott*, 523 S.W.3d 572, 577 (Mo.App. 2017) (internal punctuation and citation omitted).

The trial court did not abuse its discretion. Victim's statements to the officer were admissible under the excited-utterance exception.

> The excited-utterance exception applies when: (1) a startling event or condition occurs; (2) the statement is made while the declarant is still under the stress of the excitement caused by the event and has not had the opportunity to fabricate the story; and (3) the statement relates to the startling event. The essential test for admissibility of a spontaneous statement or excited utterance is neither the time nor place of its utterance but whether it was made under such circumstances as to indicate it is trustworthy. When statements are made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been fully brought to bear by

3

> reasoned reflection, the utterance may be taken as trustworthy and received as testimony.

*Id.* (internal punctuation and citations omitted).

The Danielses discovered Victim lying on the ground in a defensive posture, observed her fresh injuries, and were still on the phone with the 911 operator when the officer arrived. A reasonable juror could infer from this evidence that Victim had been knocked to the ground and injured only a few minutes before the officer arrived. Victim's actions, physical state, and mental state before and after the officer arrived all support a reasonable inference that she was under the immediate and uncontrolled domination of her senses. Victim's identification of Appellant as an assailant was not self-serving for purposes of our hearsay analysis.[1] *Id.* These circumstances provide sufficient indicia of trustworthiness to admit the statements and allow the jury to determine what weight they deserved.

Victim's statements to the officer also were admissible as prior inconsistent statements. "[A] prior inconsistent statement of any witness testifying in the trial of a criminal offense shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement." § 491.074 RSMo. (2000). Victim testified she could not recall conversations she had that night. A witness's testimony under oath in a criminal case to a lack of memory for prior statements she made serves as a basis to admit her prior inconsistent statements under this exception. *See* ***State v. Wooten***, 573 S.W.3d 146, 149 (Mo.App. 2019), and cases cited therein.

Moreover, even if these exceptions did not apply, Appellant has not convinced us

---

[1] In the context of a criminal case, the self-serving factor focuses on exculpatory statements by a defendant that are the result of reflective thought. *Id.* at 578.

4

that the admission of this evidence deprived him of a fair trial. The primary defects in hearsay testimony are alleviated where the declarant was a witness at trial, testified on the same matter, and was subject to cross-examination. *Gott*, 523 S.W.3d at 577 n.3. Although Victim testified she had no memory of these conversations, cross-examination can still be effective where a defendant has a full and fair opportunity to bring out a witness's bad memory, forgetfulness, or other facts tending to discredit the witness's testimony. *State v. Howell*, 226 S.W.3d 892, 896-97 (Mo.App. 2007). In this case, defense counsel's cross-examination of Victim provided a basis for the defense to argue that Victim had a motive to lie to the officer about being assaulted that night. Point I is denied. We next consider Point III for ease of analysis.

### 911 Recording (Point III)

Appellant also contends the statement Mr. Daniels attributed to the Victim in the 911 call recording was hearsay and should not have been admitted. He does not object to the recording in its entirety, only to the characterization of Appellant as "crazy" and to the implication Appellant caused Victim's injuries.

The hearsay exceptions and absence of prejudice noted in our analysis of Point I apply equally to these statements. Mr. Daniels and Victim both testified at trial and were subject to cross-examination. Furthermore, the characterization of Appellant in the 911 recording was cumulative to Mrs. Daniels's direct examination testimony in which she stated, without objection, that Victim had said, "[M]y boyfriend's crazy. He was just beating me up." "Evidence . . . that is cumulative of other, properly admitted evidence cannot have contributed to a defendant's conviction and so is harmless beyond a reasonable doubt." *State v. Brandolese*, 601 S.W.3d 519, 536 (Mo. banc 2020).

5

Finally, we observe that defense counsel adduced evidence about the 911 statements from Mrs. Daniels on cross-examination. When asked, "And to your knowledge, did [Mr. Daniels] make any statements to the 911 operator about this woman claiming that she'd been beaten up?" she answered, "I think that's just because that's what she told us and that's what we told the 911 operator." "'It is axiomatic that a defendant may not take advantage of self-invited error or error of his own making.'" ***State v. Schachtner***, 611 S.W.3d 885, 895 (Mo.App. 2020) (quoting ***Brandolese***, 601 S.W.3d at 531). The trial court did not abuse its discretion. Point III is denied.

### Confrontation Clause (Points IV and II)

We address Appellant's fourth and second points in the same section, as both are challenges asserted under the Confrontation Clause.

Appellant's fourth point challenges the admission of the same evidence addressed in his third point, but on Confrontation Clause grounds. Appellant summarized, "The issue this Court must decide is whether the playing of [the 911 statement] was testimonial, and thereby violated [Appellant's] right to confrontation." If so, the state would be required to prove witness unavailability and that the defense had a prior opportunity to cross-examine the witness, citing ***Crawford v. Washington***, 541 U.S. 36 (2004).

Appellant's reading of ***Crawford***'s requirements would be accurate if the state had attempted to admit hearsay statements in the absence of the declarant. *See **Howell***, 226 S.W.3d at 896. But neither ***Crawford*** nor subsequent Missouri cases interpreting it have imposed such a requirement when the declarant testifies at trial:

> [W]here[,] as here, "the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." [***Crawford***, 541 U.S. 36 at 59 n.9.] "The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." ***Id.*** "Where the declarant is not absent, but is

6

present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statements does not create a confrontation problem." [***California v. Green***, 399 U.S. 149, 162 (1970).] "[T]he Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." [***Id.*** at 158.]

***Howell***, 226 S.W.3d at 896. *Accord* ***State v. Stanley***, 609 S.W.3d 903, 915 (Mo.App. 2020).

In this case the Confrontation Clause was not violated because both the declarant (Victim) and the caller (Mr. Daniels) testified at trial and Appellant had the opportunity to cross-examine them effectively. ***Howell***, 226 S.W.3d at 897. Point IV is denied.

Likewise, in his second point Appellant attempts to raise a Confrontation Clause challenge regarding the officer's testimony. However, defense counsel raised only hearsay objections to this testimony at trial.

A hearsay objection does not preserve constitutional claims relating to the same testimony. ***State v. Daniel***, 610 S.W.3d 391, 394 (Mo.App. 2020). Appellant responds that his pretrial motion, granted without objection, to "constitutionalize" and "federalize" all objections was sufficient to raise a Confrontation Clause objection.

The relevant inquiry for this court is whether the motion contained "sufficient specificity to apprise the trial court of the grounds for the objection." ***State v. Amick***, 462 S.W.3d 413, 415 (Mo. banc 2015). Unless a granted pretrial motion to "federalize" or "constitutionalize" objections explains why a specific ground requires the trial court to take a specific course of action, it adds nothing to the objection at trial and is too general to preserve a ruling for appellate review. ***State v. Thompson***, 583 S.W.3d 474, 476 n.1 (Mo.App. 2019). Such is the case here. Appellant's pretrial motion to "constitutionalize" is general and non-specific. In and of itself, the motion to "constitutionalize" does not

provide the level of specificity necessary to apprise the trial court of a Confrontation Clause objection to this specific evidence or to preserve the issue for appellate review.

"Rule 30.20 is the exclusive means by which an appellant can seek review of *any* unpreserved claim of error and said claim—no matter if it is statutory, constitutional, structural, or of some other origin—is evaluated by this Court's plain error framework without exception." ***Brandolese***, 601 S.W.3d at 530. Plain error review is discretionary and is not intended to be a mechanism for defendants to obtain appellate review of all alleged errors that have not been preserved. ***State v. Sinor***, 593 S.W.3d 113, 116 (Mo.App. 2020). Having reviewed and considered the record on appeal and the parties' briefs, we see no error, plain or otherwise, that would warrant the exercise of our discretion to engage in plain error review. Both the Victim and the officer testified and were subject to cross-examination. We deny Point II and affirm the judgment.

JACK A. L. GOODMAN, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCUR

WILLIAM W. FRANCIS, JR., J. – CONCUR